IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK MARTEAZ WALKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV-06-407-R |
| | ) |
| MARTY SIRMON, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts filed July 17, 2006 and Petitioner's Objection to the Report and Recommendation filed August 4, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews *de novo* those aspects of the Report and Recommendation to which Petitioner objects.

Petitioner's entire objection is directed to showing why Petitioner's application for post-conviction relief in state court was not filed earlier; arguing that he would not have exceeded the state court's page limitation had he had counsel appointed for him for post-conviction proceedings; and arguing that the state court should have considered the substance of his claims on post-conviction even if he exceeded the page limitation.

None of Petitioner's arguments make Petitioner's post-conviction application "properly filed" within the meaning of § 2244(d)(2) so as to trigger statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *Pratt v. Mullin*, 2006 WL 895501 (10th Cir. April 7, 2006) (No. 05-6008). The fact that Petitioner

may have been prevented by uncontrollable circumstances from filing his application for post-conviction relief in state court from on or about October 10, 2005 to November 23, 2005 does not warrant equitable tolling of the one-year limitation period under 28 U.S.C. § 2244(d)(1) for filing his federal habeas petition from November 28, 2005 to April 10, 2006. As the Magistrate Judge pointed out, Petitioner cannot show that he diligently pursued his federal claims before, during or subsequent to Petitioner's attempt to file his state court post-conviction application.  And as to Petitioner's implied assertion that the State should have appointed counsel for him to pursue his post-conviction remedy, there is no right to counsel in collateral proceedings.  *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)).

In accordance with the foregoing, the Court concludes that Petitioner's Objection to the Report and Recommendation [Doc. No. 13] is without merit; ADOPTS the Report and Recommendation of the Magistrate Judge [Doc. No. 12]; and DISMISSES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 herein as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

**It is so ordered this 7th day of August, 2006.**

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE